UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA WHITE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-2733 |
| § | |
| WAL-MART STORES, INC., et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Defendant Wal-Mart Stores Texas, LLC's 12(b)(6) Motion to Dismiss (Doc. No. 13) and Motion for Summary Judgment (Doc. No. 14). After considering the motions, all responses thereto, and the applicable law, the Court finds that Defendant's Motion to Dismiss should be granted in part, and Defendant's Motion for Summary Judgment should be denied.

## I.   BACKGROUND[1]

On June 22, 2009, Plaintiff was a customer at Wal-Mart store 915 in Stafford, Texas. (Am. Compl. ¶ 7.) Plaintiff was walking down a wide aisle when she slipped on a piece of fruit. (*Id.* ¶¶ 7, 11.) Defendant's employees were moving and stacking merchandise at the time of the incident (*id.* ¶ 11), and Plaintiff alleges that the fruit fell on the floor due to Defendant's negligence in transporting and stacking merchandise. (*Id.* ¶ 12.) The substance was on the floor for a long period of time. (*Id.* ¶ 12.) There were no warning signs. (*Id.* ¶ 7.) Plaintiff alleges that, as a result of Defendant's conduct, she sustained injuries to her feet, knees, and hand. (*Id.* ¶ 19.) She brings claims against Defendant for premises liability and negligence.

---

[1] The facts are taken from Plaintiff's Amended Complaint (Doc. No. 10), and are accepted as true for purposes of the pending Motion to Dismiss.

## II. MOTION TO DISMISS

### A. Legal Standard[2]

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences

---

[2] Many of the cases cited in Plaintiff's Response to the Motion to Dismiss are pre-*Twombly*. In *Twombly*, the Supreme Court rejected the previous standard that Plaintiff takes from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which provided that courts should grant a motion to dismiss "only when it appears beyond a doubt that the Plaintiff can prove no set of facts in support of their claims that would entitle them to relief." (Resp. ¶ 4.) Rather, as outlined in this section, a complaint must present sufficient factual matter to state a plausible claim to relief.

favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that a plaintiff adequately pleads a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 664–65 (S.D. Tex. 2010). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### B. Analysis

For cases against property owners, Texas common law recognizes both "negligent-activity and premises-liability theories of liability." *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 775 (Tex. 2010). Plaintiff's Amended Complaint asserts both claims.[3]

---

[3] Plaintiff's Amended Complaint refers to the negligent activity claim more generally as negligence. However, Plaintiff does not dispute Defendant's contention that it is, in fact, a negligent activity claim, and she also does not disagree with the elements of negligent activity identified by Defendant.

### 1. Premises Liability Claim

"Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005). To state a claim for premises liability, Plaintiff must plead facts establishing the following elements:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Defendant contends that Plaintiff has failed to plead any facts that would satisfy the first factor, regarding Defendant's actual or constructive knowledge of the allegedly dangerous condition. A plaintiff may establish that this notice requirement is satisfied by showing: "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

The Court finds that Plaintiff has stated a claim under the first and third alternatives.[4] Plaintiff alleges that "Defendant[']s employees were moving and stacking at that time and should have been careful and not let anything escape from the containers." (Am. Compl. ¶ 11) and that "[t]he foreign substance on the floor was due to Defendant[']s negligence in transporting merchandise for stacking." (Am. Compl. ¶ 12.) These factual allegations, assumed to be true

---

[4] Plaintiff also alleges that she has satisfied the second alternative (Resp. ¶ 11), as the Amended Complaint contends that "[t]he manager of the store came to the scene, apologized, took pictures of the scene and statements from all the witnesses[,] and had another employee place the warning signs indicating slippery surface after her fall." (Am. Compl. ¶ 8.) However, nowhere in that statement does Plaintiff allege that the owner had actual knowledge of the substance on the floor before (or even after) Plaintiff's fall. These allegations show only that the owner had knowledge of Plaintiff's fall and her asserted reason for the fall.

and viewed in a light most favorable to Plaintiff, raise a right to relief above the speculative level by alleging that Defendant's employees caused the substance to be placed on the floor.

Defendant asserts that "[w]ithout any factual pleading that Plaintiff saw this activity, the Court cannot plausibly infer that the substance at issue came from a box being handled by Defendant's employees." (Mot. Dismiss ¶ 17.) This is simply not the standard. Plaintiffs are allowed to allege information in their complaints on information and belief, or based on information that other witnesses may have seen. It is the duty of the Court to accept these facts as true, without considering whether or not Plaintiff personally witnessed each incident.

Additionally, Plaintiff need not allege the specific amount of time that the fruit was on the floor; it is enough at this stage that she stated that "the substance was on the floor for a long period of time." (Am. Compl. ¶ 12.) As Plaintiff argues, the precise amount of time that the substance was on the floor can be discovered through witness statements and video footage. (Sur-Reply to Mot. Dismiss ¶ 4.) Accordingly, Defendant's Motion is denied with respect to the premises liability claim.

### 2. Negligent Activity Claim

A claim for negligent activity requires that a plaintiff show that she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch*, 845 S.W.2d at 264. "The lines between negligent activity and premises liability are sometimes unclear, since 'almost every artificial condition can be said to have been created by an activity.'" *Del Lago*, 307 S.W.3d at 776 (quoting *Keetch*, 845 S.W.2d at 264). However, Texas courts expressly have "decline[d] to eliminate all distinction between premises conditions and negligent activities. *Keetch*, 845 S.W.2d at 264.

In *Keetch*, plaintiff slipped on a waxy substance near the floral desk 30 minutes after one of defendant's employees had sprayed a substance on the plants. *Id.* The Texas Supreme Court

found that these facts only supported a claim for premises liability, not negligent activity; the plaintiff was not injured by the activity of spraying, only the condition created by it. *Id.*

The factual allegations contained in the Amended Complaint do not support a claim for negligent activity. The first of two paragraphs contained in that claim speaks exclusively to issues about the condition of the premises and Defendant's duty to maintain the premises. (Am. Compl. ¶ 16.) The next paragraph also speaks exclusively about Plaintiff's injuries sustained due to the condition of the floor, not as a direct result of Defendant's activities. (*Id.*) Plaintiff mentions that "[a]t the time of the incident[,] Defendant[']s employees were stacking merchandise." (*Id.*) However, she does not tie this stacking to any activity that would have directly caused Plaintiff's injuries, such as being hit by falling merchandise. In fact, Plaintiff alleges that she was not directly hurt by the activities of Defendant's employees, but rather by slipping on a fruit that was "on the floor for a long period of time." (Am. Compl. ¶ 12.) As in *Keetch*, Plaintiff "may have been injured by a condition created by the [stacking] but she was not injured by the activity of [stacking]." *Keetch*, 845 S.W.2d at 264. It is not enough for Plaintiff to assert that Defendant continued to act contemporaneously with the fall; Defendant's action must directly cause the injury at issue in order to maintain the distinction articulated by the Texas Supreme Court.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). Before granting a motion for summary judgment, a court must be satisfied that the nonmoving party "has . . . had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986).

The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id.*  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court may not make credibility determinations or weigh the evidence.  *Harvill v. Westward Communications*, L.L.C., 433 F.3d 428, 436 (5th Cir. 2005).  Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence.  Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Additionally, any "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## B. Analysis

Defendant moves for summary judgment on Plaintiff's premises liability claim[5] because it asserts that Defendant did not have actual or constructive knowledge of the fruit's presence on the floor. The sole basis for this motion is Plaintiff's recorded statement[6], in which she admits that she does not know how the fruit got to the floor or how long it was there before she slipped. (Mot. Summ. J. ¶ 15 (citing Recorded Statement, Doc. No. 14-2 at 8, 10).) She also stated that she did not see any employees working in that aisle or area. (*Id.* (citing Recorded Statement at 10).) However, as noted above, Plaintiff need not have witnessed personally the underlying facts for every element of her claim.

Plaintiff states that no discovery had been conducted at the time of Defendant's Motion. (Am. Compl. at ¶ 2, 6.) She contends that Defendant is in possession of video recordings of the scene and statements given by witnesses. (*Id.* ¶ 12.) Plaintiff wishes to depose those witnesses and see the video. (*Id.*) Plaintiff invokes Federal Rule 56(d), and provides an affidavit stating that additional discovery is necessary. (Resp. to Mot. Summ. J. ¶ 10 (citing White Aff., Doc. No. 21, Ex. B).)

Defendant urges the Court to disregard Plaintiff's Affidavit as a "sham affidavit." Defendant believes that Plaintiff's Affidavit contradicts statements made in her recorded statement, including Plaintiff's contention that no witnesses had mentioned to Plaintiff how long the fruit had been on the floor. However, this statement was made over a year before Plaintiff's Affidavit. (*See* Recorded Statement, Doc. No. 14-2 (May 12, 2010).) Plaintiff's Affidavit says

---

[5] The Court does not consider Defendant's Motion with respect to Plaintiff's negligent activity claim, as it has already found that claim should be dismissed in part 2.B.2, *supra*.

[6] Plaintiff, in her Sur-Reply to the Motion for Summary Judgment, raises the issue that this recorded statement is not proper summary judgment evidence as it is not sworn. (Sur-Reply to Mot. Summ. J. ¶ 7.) Defendant did not respond to this allegation. Because the Court finds that Defendant has not met its burden even if the recorded statement is considered to be proper summary judgment evidence, the Court need not resolve the Motion on this basis.

that she was "later informed" that the fruit had been on the floor for over an hour by one of the witnesses. (White Aff. ¶ 5.) Furthermore, the recorded statement was a telephonic conversation that was not sworn. The Court will not strike Plaintiff's Affidavit on the basis of this statement.

Defendant also suggests that Plaintiff had over a year in which to investigate her claim and speak to witnesses before filing her suit. (Reply to Mot. Summ. J. ¶ 14.) However, Plaintiff claims that she contacted Defendant on multiple occasions, requesting copies of witness statements and the incident report and inquiring about her claim. (Sur-Reply to Mot. Summ. J. ¶ 9.) She states that Kelly Williams, an employee who took her statement, told her that Defendant accepted responsibility, and asked Plaintiff to continue to provide them with medical bills for her treatment. (*Id.*) Plaintiff did not believe a lawsuit would be necessary until a week before the expiration of the statute of limitations. (*Id.* ¶ 11.)

The Court finds that Plaintiff is entitled to an opportunity to discover information essential to her claim, and thus denies Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

For the reasons discussed in this order, Defendant's Motion to Dismiss is **GRANTED IN PART**, and Plaintiff's negligent activity claim is dismissed. Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 7th day of February, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE